[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR TESTIMONY OF VICTIM PURSUANT TO C.G.S. 54-86g(a)
The respondents in this case are accused of sexually assaulting and threatening the alleged victim, Jason L., who is currently eleven years old and was between the ages of nine and eleven during the period of time that the alleged acts were taking place. Although Practice Book 1035(5) provides for the respondent to be physically present in the hearing room when each witness on behalf of the petitioner testifies, the petitioner has moved for an order permitting the alleged victim to testify in a manner that does not require him to face the alleged perpetrators directly. In support of its claim, the petitioner cites Connecticut General Statutes54-86g(a), which provides that:
 "In any criminal prosecution of an offense involving assault, sexual assault or abuse of a child twelve years of age or younger, the court may, upon motion of the attorney for any party, order that the testimony of the child be taken in a CT Page 9647 room other than the courtroom . . . except that the court may order the defendant excluded from the room or screen from the sight and hearing of the child only if the state proves by clear and convincing evidence, that the child may be so intimidated, or otherwise inhibited by the physical presence of the defendant that a compelling need exists to take the testimony of the child outside the physical presence of the defendant in order to ensure the reliability of such testimony."
At a hearing on this motion, the petitioner introduced the testimony of Angela Close, Jason's therapist. Her testimony offered no guarantee that Jason would be willing to testify at all under any circumstances, but this court finds that the prospects for Jason being able to testify free of intimidation would be materially enhanced by an order of the sort suggested by the petitioner and by Jason's attorney. Jason was described as very much afraid of the two alleged perpetrators, subject to nightmares about being abused by the respondents and was enuretic and virtually certain to "clam up," perhaps even to hide under a table or desk, rather than testify in the presence of the respondents.
The court concludes that this testimony demonstrated a compelling need to make provisions for Jason to testify outside of the presence of the respondents and that the evidence offered on this subject, while limited, was clear and convincing.
These factual findings, however, do not address the underlying question of whether 54-86g(a) of the General Statutes, or its case law antecedents, apply to the trial of a delinquency case. Connecticut General Statutes 54-86g(a) is by its terms a criminal statute applicable to "any criminal prosecution . . ." (emphasis added). The cases that establish the principles now codified in 54-86g(a) are criminal cases, rather than appeals from delinquency prosecutions. See, e.g., Coy v. Iowa; 487 U.S. 1012 (1988), Maryland v. Craig;497 U.S. 840 (1990), Spigarolo v. Meachum; 934 F.2d 19 (2d Cir.), State v. Spigarolo; 210 Conn. 359 (1989), State v. Jarzbek; 204 Conn. 683 (1987).
This court agrees with the respondents that the statute, by its terms applicable to criminal prosecutions, does not CT Page 9648 apply directly to this, a juvenile delinquency trial. The entire history of the juvenile court movement and the separation of the Superior Court for juvenile Matters from other aspects of Superior Court operations is premised on the emphatic recognition that juvenile delinquency proceedings are not criminal prosecutions. Indeed, hearings concerning juvenile matters may not be held "in a room regularly used for the transaction of criminal business." Connecticut General Statutes 46b-122.
That juvenile matters are not criminal matters does not, however, end the inquiry, because the logic that compelled a carefully crafted exception to the right of confrontation in criminal cases applies with equal vigor in delinquency prosecutions. The respondents have given the court no reason to conclude that a child victim of alleged sexual or physical abuse would be any less inhibited from testifying about that abuse in the presence of an alleged perpetrator who is under the age of sixteen than he or she would be in the presence of an alleged perpetrator over the age of sixteen. Moreover, as already indicated, the evidence specific to this case suggested strongly that Jason is fearful of the respondents and would be intimidated by having to testify in their presence.
The cited cases as well as our legislature have recognized the fact that the constitutional right to confrontation is not without certain reasonable and carefully delineated limits as dictated by circumstances. The judges of the Superior Court have also recognized some of these limits in Practice Book 1035(5). Contrary to the respondents' position, however, that particular Practice Book provision does not pretend to seek to exhaust the range of circumstances under which the respondents' right to be present in the courtroom may be abridged, and the maxim inclusio unius est exclusio alterius, therefore, does not apply.
The context of a criminal prosecution presents the strongest possible case for limiting any incursion into the right of confrontation. A criminal prosecution culminating in conviction results in a permanent public criminal record as well as the potential of incarceration and other serious criminal penalties. A delinquency prosecution, in contrast, and although a serious matter of public record, does not result in a permanent public record and offers, at its CT Page 9649 dispositive phase, a more limited and benign set of sanctions.
Despite such differences, delinquency practice is replete with references to and analogies from the criminal law. A prosecution for a "delinquent act" is premised on an alleged violation of a criminal statute. Such concepts of criminal law and procedure as the presumption of innocence, burden of proof, standard of proof, beyond a reasonable doubt, right to counsel, right against self incrimination, freedom from unreasonable searches and seizures and the like apply with equal vigor to criminal prosecutions and delinquency proceedings. Thus, even if Connecticut General Statutes54-86g(a) does not have direct application to juvenile matters, it and the case law which it codifies are at least helpful analogies for the court to use in providing a mechanism by which the search for truth is enhanced while rendering harmless any apparent infringement with the respondents, right to confrontation.
The court, therefore, having found clear and convincing evidence that a compelling need exists to permit the alleged victim to testify outside of the presence of the two respondents, hereby orders that Jason L. be permitted to testify outside of the presence of the respondents. The respondents, attorneys, however, shall be present during any such testimony and shall be permitted the right of cross examination. The respondents themselves shall be permitted to view the proceedings, either by use of a "two-way mirror" in an adjacent room or through use of closed circuit television. The respondents, attorneys shall be permitted reasonable recesses to confer with their clients during the course of such testimony. See Maryland v. Craig, supra. No reference to the fact that the respondents are observing the proceedings shall be made to Jason or in his presence.
Jonathan Silbert, Judge CT Page 9650
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 9651
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 9652
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 9653